## No. 10,542.

## BAILEY *v.* HARMON.

Decided January 7, 1924.

Action for breach of contract. Judgment for plaintiff.

### *Affirmed.*

1.  PLEADING—*Complaint—Cause of Action.* Allegations of a complaint reviewed, and held 'to state but one cause of action, that being for breach of contract. Averments of negligence, unskillfulness and lack of knowledge, disregarded as surplusage or treated as having been inserted to throw light on defendant's alleged failure to carry out his agreement.

2.  APPEAL AND ERROR—*Insufficient Abstract.* Assignments of error based upon instructions, and insufficiency of the evidence, will not be considered where the abstract of record does not purport to contain all of the evidence introduced, or all of the instructions given.

3.  *Jury Findings.* A reviewing court is not warranted in setting aside the verdict of a jury which is approved by the trial judge, and where it necessarily depends in a measure upon an inspection of the injured party.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. GEORGE ALLAN SMITH, Mr. ISAAC DUNN, for plaintiff in error.

Mr. JOHN S. STIDGER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

UNDER a complaint alleging that she employed the defendant, a plastic and cosmetic surgeon, "to straighten and raise the point of her nose, enlarge her nostrils, to fill out hollows, and correct, eradicate and remove all defects and irregularities in her nose, to raise her left eyebrow, re-

move, eradicate and correct all scars, blemishes, irregularities, defects, lines, circles, marks and wrinkles in her face, neck and hands, to give her 'a general beauty treatment,' correcting all disfiguring distortions of all kinds, and to make of her 'a model of harmonious perfection,' " all of which the defendant promised to do "without pain, inflammation, soreness or inconvenience to the plaintiff, and without leaving any scars resulting from the operation," and further alleging a breach, to her injury, by the defendant of the contract of service which guaranteed results, the plaintiff, because of such breach, asks compensating damages. The jury found in the plaintiff's favor, and awarded her the sum of $600. To the judgment entered thereon, the defendant prosecutes this writ.

The plaintiff is not represented here by counsel. The abstract of the record might be stricken from the files because it is not prepared as, and does not contain certain statements which, our rules prescribe. But assuming that it embodies a true record of the proceedings below, no reversible error, or error at all, is therein disclosed.

1. The chief objection urged is to the ruling of the trial court in denying the defendant's motions to separate the three alleged distinct causes of action included in one statement or count, and to elect on which count to proceed, which ruling was, in substance, that the action is solely one for breach of a special contract "guaranteeing" successful treatment, and not for malpractice or negligence. The court was clearly right in its ruling. The complaint alleges a special contract by which the defendant "guaranteed" successfully and with satisfactory results, to perform the various things specified therein, and without pain, etc., as heretofore recited, for which the plaintiff gave him $190 in money, and that defendant breached the contract to her injury, to which she in no way contributed. It is true that in the summons and in the complaint there is a statement pointing to defendant's negligence and unskillfulness and lack of knowledge of his alleged profession; but, in view of the averment in the complaint of the special

contract and its breach, these other statements may be, and should be, and were by the trial court, disregarded as surplusage, or treated as having been inserted merely as throwing some light upon the defendant's failure to do the things which he agreed to do, and in the way promised. *Carpenter v. Walker*, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863; *Hales v. Raines*, 162 Mo. App. 46, 141 S. W. 917, and *Mullin v. Flanders*, 73 Vt. 95, 50 Atl. 813 cited by the defendant to the point that the action is for malpractice, are essentially different. The very allegations herein made, which the Vermont court says, if present in a complaint, make it good, that is, where there is an averment of a special contract for services and a breach thereof, as they are present in this complaint, make the count *assumpsit*, and not case. The plaintiff relies solely on this special guaranty contract of services and its breach. There is no uncertainty or indefiniteness or ambiguity in her complaint, though it contains superfluous matter. It clearly and plainly sets forth an action for breach of contract.

2.   The point made that the complaint contains two causes of action set out in the one count, or two causes improperly united, falls under the conclusion already reached that the only cause of action is for breach of a special contract.

3.   We can not consider the defendant's objections to the instructions, or to the insufficiency of the evidence. The abstract does not purport to contain all of the evidence introduced, or all of the instructions given. It may well be that the instructions given by the court contain all that is good, (if any), in those tendered by the defendant, and refused. We are also justified in presuming that the evidence abundantly sustains the verdict. This observation also, and for the same reason, applies to defendant's objections that the plaintiff did not follow the directions of the doctor, and that a red pimple on her nose could not have been caused by anything the doctor did, and that she failed to co-operate with the physician, or to take his prescriptions, or refused to submit to his treatment.

4.  Disclaiming special knowledge of "the plastic and cosmetic art," and with no opportunity to inspect the person upon whose body were performed the various operations required and performed by the defendant, it would seem, nevertheless, safe to say that the "beauty doctor" took upon himself a formidable job.  For a reviewing court to set aside the verdict of the jury, whose members, as well as the trial judge who approved the same, saw the witnesses on the stand, including the plaintiff, where the verdict necessarily depends in a measure upon an inspection of the disfigured party, would be unwarranted.  In the state of this imperfect record we might safely assume that the jury not only did, but were so instructed by the court to, use a magnifying glass in inspecting the parts of the plaintiff's anatomy on which the doctor practiced, or failed to practice, his skill with a view to remove and eradicate the blemishes and wrinkles and scars, to fill the hollows and lower the projections and raise the eyebrows; in short, to determine whether or not the defendant, by his operation on plaintiff made of her, as promised, "a model of harmonious perfection," and to compare her as thus seen with her photograph taken before treatment, so that they would thereby be the better qualified to determine upon the attending success thereof.  We decline, with our limited knowledge and facilities, and lack of opportunity for inspection and observation that the jury had, to supervise or set aside its findings, which the trial judge approved.

Finding no prejudicial error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.