Cox, Appellee, *v.* Cartwright, Appellant.

(No. 4409—Decided December 30, 1953.)

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellee.

*Messrs. Myers, Myers & Myers,* for appellant.

Doyle, P. J. This is an appeal from a judgment entered in the Municipal Court of Akron, which sustained a demurrer to a cross-petition filed therein (and subsequent dismissal of the pleading, through a refusal to plead further) on the ground that the statute of limitations barred the action.

The cross-petitioner alleged that she consulted her adversary, a dentist, "about extracting two front teeth and making her a partial plate for the extracted front teeth * * *; that plaintiff agreed to do the work and supply the partial plate * * *." The pleading further stated in substance that, after the teeth were ex-

tracted, the plate, which was furnished and "inserted" into her mouth, did not fit; that "she was unable to eat her food with the partial plate, and that when she could keep the plate in her mouth, the pain from the wedging of the plate between her teeth was unbearable; that she lost four days of work, because she was unable to speak clearly; * * * that the partial plate made by the plaintiff for the defendant was inferior, was not fit for the specific purpose for which it was made; was of no value whatever and was worthless; that as a result of plaintiff's failure to comply with his agreement, defendant was forced to have another dentist make a partial plate that she could wear, and that defendant did return the partial plate plaintiff had made, after he refused to do anything further; all to her damage in the sum of * * * $534.40."

The cross-petitioning patient of the dentist, in her appeal, presents the following two questions:

"1. Is the liability of a dentist based only on malpractice?

"2. Is a dentist liable on a warranty of suitability and fitness for the bridges and teeth he sells?" .

The *quaere* is, of course, aimed at the application of two statutes of limitations. The first is the one governing actions for malpractice. It was:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment *or malpractice*, * * * shall be brought within one year after the cause thereof accrued * * *." (Italics ours.) Section 11225, General Code (now Section 2305.11, Revised Code).

The second is the one governing contracts not in writing. It was:

"An action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued." Section 11222, General Code (now Section 2305.07, Revised Code).

If the malpractice statute applied to the pleading, the action of the trial court must be affirmed; and, on the contrary, if the contract statute applied, the judgment must be reversed.

Of interest is the claim of the appellant that "the obligation of a dentist is twofold: that he should use ordinary care; and, in cases where he contracts to do a specific thing, he should be held liable for failure to fulfill his contract. * * * There is no claim in the present case of lack of ordinary care in extracting teeth or treatment afterwards. The claim is that the * * * denture or plate was made to fit some other mouth and was not suitable or fit for the purpose for which it was purchased."

Section 1329, General Code (Section 4715.01, Revised Code), stated in terms who should be regarded as engaged in the practice of dentistry. It was therein stated that one who, for a fee, performs dental operations, or one who "takes impressions of the human teeth or jaws, or who shall construct, supply, reproduce or repair any prosthetic denture, bridge, artificial restoration, appliance or other structure to be used or worn as a substitute for natural teeth," shall be regarded as practicing dentistry.

So, with the case at hand, when the dentist contracted with his patient to extract her teeth and to provide her with a denture, and then undertook to perform the necessary acts to fulfill his contract, he was at all times engaged in the practice of dentistry; and if, when performing such services in fulfillment of his engagement, he failed to exercise the average degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality, in the light of the present state of the science of dentistry, he was guilty of the tort of malpractice. *Gillette* v. *Tucker,* 67 Ohio St., 106, 65 N. E., 865, 93

Am. St. Rep., 639; *Hier* v. *Stites,* 91 Ohio St., 127, 110 N. E., 252; *Ault* v. *Hall,* 119 Ohio St., 422, 164 N. E., 518, 60 A. L. R., 128.

See also: *Craig* v. *Chambers,* 17 Ohio St., 253.

The cases above cited all treat of the conduct of physicians and surgeons. It must be observed, however, that the practice of dentistry in this state is regulated by statute, and high standards of qualification govern the licensing of the practitioner. The licensed dentist is a professional man who practices in a special department of medical science. He must be a therapeutist in his limited field—skilled in the field which relates to the discovery, selection and application of remedies for ailments, defects and deficiencies in that part of the human body falling within the purview of the statute which authorizes his license.

It has long been recognized that "malpractice" applies to physicians and surgeons (and indeed lawyers) who commit negligent acts in treating a patient, or who unskillfully treat patients not within the standards of quality set forth in *Gillette* v. *Tucker, supra.* It likewise is obvious, when considering the controlling reasons for the law of torts arising out of the relationship of doctor and patient, that a dentist may be guilty of malpractice if he falls short of professional standards in providing and fitting dentures; and this court, in this case, so pronounces the law to be.

We experience no judicial difficulty in determining that the word "malpractice," as used in the statute, applies to a dentist in performing his work with a patient, where he negligently or unskillfully fits dentures in his patient's mouth, which services result in physical injury over and beyond the injury and damage which may naturally ensue from the normal and proper fitting and installation of artificial teeth.

We now go to the statute of limitations governing actions in malpractice.

The Supreme Court of this state, in a recent case, stated the following rules:

"1. A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.

"2. Section 11224-1, General Code, providing that an action for bodily injury shall be brought within two years after the cause thereof arose, governs all actions the real purpose of which is to recover damages for injury to the person and losses incident thereto and it makes no difference whether such action is for a breach of contract or strictly in tort. The limitation is imposed on the cause of action and the form in which the action is brought is immaterial." *Andrianos* v. *Community Traction Co.*, 155 Ohio St., 47, 97 N. E. (2d), 549.

The distinguished author of the opinion discusses Section 11238, General Code, which states in substance that, in this state, we recognize but one form of action, known as a civil action, and he argues that cases from other states which turn upon a distinction in the forms of action brought, are not pertinent.

We need go no further, we think, in our search for authorities to govern the case here for decision. The reasons adopted by the Supreme Court for its conclusion in *Andrianos* v. *Community Traction Co., supra,* make necessary by analogy the following pronouncement for the case now before us—viz.: When the Legislature used the word "malpractice" in Section 11225, General Code, the word was intended to refer to the nature of the subject matter thereof, and not to its form as a matter of remedial procedure; and, whether the action is strictly in tort or for breach of contract, it is nonetheless an action to recover damages for malpractice, and is governed by the one-year statute of limitations; the special statutory provision

relating to a specific subject matter—*i. e.*, malpractice —is controlling over the general statutory provision relating to contracts not in writing. See: 34 American Jurisprudence, Limitation of Actions, Section 103; 53 Corpus Juris Secundum, Limitations of Actions, Section 74; 74 A. L. R., 1256, annotation, and cases therein cited; 157 A. L. R., 763, annotation, and cases therein cited.

We do not overlook the claim of the appellant that the dentist is liable on ''a warranty of suitability and fitness for the bridges and teeth he sells.''

There is no claim that the material used in the manufacture of the teeth was of inferior quality and not equal to the standard of implied warranty. Indeed, it may be fairly stated that only a strained view of the professional relationship between the dentist and his patient could class the dentist in the category of a salesman of false teeth. The furnishing and the fitting for use of the dentures were all a part of the professional services, and the way in which these services were rendered, as compared to similar services performed by dentists who exercised the average degree of skill, care and diligence of members of the same profession practicing in the same or similar locality, marks the right or lack of right to a recovery for the tort of malpractice. The standards set for professional services govern the right and the duty in actions in tort, in contrast to actions for mere breach of contract.

The judgment will be affirmed.

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.