TEXAS STATE OPTICAL, INC., Appellant,

v.

Neal H. BARBEE, Appellee.

No. 6883.

Court of Civil Appeals of Texas.

Beaumont.

June 15, 1967.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, Paul P. Regnier, Houston, for appellee.

STEPHENSON, Justice.

This is an action for damages based upon both negligence and breach of warranty. Plaintiff alleged that his eyes were damaged because defendant improperly fitted him with contact lenses. Trial was by jury and judgment was rendered for plaintiff upon jury findings that defendant breached the implied warranty that such contact lenses were reasonably fit for the use intended. The parties will be referred to here as they were in the trial court.

The jury findings in this case are not easily reconciled. It was found: That the contact lenses furnished by defendant to plaintiff, during the year 1959, were not reasonably fit for use upon the surface of plaintiff's eyes, and this caused or contributed to cause injury or damage to the plaintiff's eyes, and was a proximate cause of his injuries. That defendant represented to plaintiff that any contact lenses fitted by it would not be injurious to his eyes, upon which he relied, but that defendant did not fail to fulfill such representation. That the lenses furnished plaintiff by defendant did not properly fit the curvature of his eyes, which was negligence, but not a proximate cause of plaintiff's injuries. That plaintiff failed to keep such lenses clean, which was negligence but not a proximate cause of his injuries. That plaintiff did not fail to follow the wearing instructions given him by defendant. That $10,000.00 would compensate plaintiff for the damage sustained by him as a result of the use of the contact lenses furnished him by defendant.

Defendant has a point of error that the trial court should have disregarded the finding of the jury as to the implied warranty and should have rendered judgment for defendant because the evidence shows as a matter of law that defendant was furnishing a professional service and not a mere chattel. It is argued that neither the law as to implied contractual warranty nor the doctrine of implied

warranty because of public policy as expressed by the Supreme Court of Texas in Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, has application to the facts of this present case. The plaintiff is seeking to hold the defendant liable under the alternate theory of breach of implied warranty that contact lenses sold plaintiff were reasonably fit for the use intended. The jury having found against plaintiff on the theory of breach of the express warranty to the same effect, by finding that even though such express warranty was made that defendant did not fail to fulfill such representation. The jury also having found against plaintiff on the malpractice theory by finding that even though defendant did not properly fit the curvature of plaintiff's eyes, and that such was negligence, that such failure was not a proximate cause of plaintiff's injuries.

As far as we can discover this is a case of first impression. We have been cited no cases in which this precise question has been raised. In all of the cases cited to us in support of the contention made by plaintiff only a completed product was involved, and none of the cases dealt with both a professional service and a product. There is one out-of-state case which indirectly passes upon this point. In Cox v. Cartwright, 96 Ohio App. 245, 121 N.E.2d 673 (1953), suit was brought against a dentist on the ground that the partial plate furnished plaintiff and fit into her mouth did not fit and therefore was not fit for the purpose for which it was made and sold to her. The court held that the action was barred by the one year statute of limitation applying to "malpractice" and not the six year statute of limitation applying to contracts not in writing, express or implied. Plaintiff contended that her action was one for breach of contract and breach of implied warranty of fitness of the plate for which it was made and sold. The court wrote in its opinion that the practice of dentistry is regulated by statute, and high standards of qualification govern the licensing of the practitioner. It was stated that when the dentist contracted with his patient to extract her teeth and to provide her with a denture, he was engaged in the practice of dentistry, and if he failed to exercise the average degree of skill, care and diligence, exercised by members of the same profession, he was guilty of the tort of malpractice. One significant statement in this opinion was that only a strained view of the professional relationship between the dentist and his patient could class the dentist in the category of a salesman of false teeth.

Likewise, the practice of optometry is a profession in the State of Texas governed by statute. Articles 4552 through 4566—1, Vernon's Ann.Civ.St. The optometrist in this case, employed by defendant, was duly licensed to practice in this state, and was engaged in such practice while examining plaintiff's eyes, prescribing the lenses, and then fitting plaintiff with such lenses. The only testimony in this record as to the unfitness of the lenses was as follows: Plaintiff testified that the lens wasn't curved right. Dr. Christensen testified that in his opinion the contact lenses were of a flatter curve than the corneal curve and that the lenses fit poorly. Mr. Case testified that the lenses were too large and too thick. There is no suggestion in the record that such lenses were manufactured from the wrong material, or that they contained an improper ingredient. If there was any defect in such lenses, it was one of technician prescribing and not of manufacture and ingredient.

No one disputes the proposition that the defendant in this case would be held liable for the proximate results of its negligence based upon malpractice. But the jury having found against plaintiff on this theory, this is an attempt to affix liability without fault. To accept this theory would be an extension of the products liability law in this state. We are not inclined to make this extension. We say, as it was said in Cox v. Cartwright, supra, that only a strained view of the professional relationship between an optometrist and his

**752**

patient could class the optometrist as a salesman of lenses.

Reversed and rendered that plaintiff take nothing.

## DISSENTING OPINION

HIGHTOWER, Chief Justice.

I respectfully dissent. The implied warranty of suitability for the purpose for which a product is sold is especially applicable where the seller is also the producer or manufacturer of the article. Sugarland Industries, Inc. v. Falco, Tex.Civ. App., 360 S.W.2d 806 (err. ref. n.r.e.). Defendant here not only sold but manufactured the lenses in question. The majority opinion in basing its opinion on the Ohio case of Cox v. Cartwright, 96 Ohio App. 245, 121 N.E.2d 673, appears to attach no importance to such distinction.

All the elements necessary for an implied warranty are present in the case at bar and are fully supported by the evidence: (1) vendor knew of the use to which the contact lenses would be put; (2) vendee relied upon the superior knowledge and skill of vendor; (3) the vendor is also the manufacturer; and (4) the parties are in privity of the contract.

Defendant argues that the production of contact lenses requires skill and judgment and that the lenses may not be fit for use. In most of the cases involved in implied warranty, the production of the article to be sold required skill and judgment and in most cases the object will not be fit for use. This appears to be the very reason why an implied warranty is imposed. The need for skill and judgment on the part of the vendor is an element tending to create rather than negate the existence of an implied warranty.

The duties of an optometrist are specifically limited. Art. 4552, V.A.C.S., provides that an optometrist can: (1) measure the powers of vision of the human eye; and (2) fit lenses to correct a visual defect.

The statute specifically prohibits the optometrist from treating the eyes in any manner whatsoever unless he is a licensed physician. Arts. 4552, 4565c and 4565d, V.A.C.S. Such limitations hardly envision the application of the law of malpractice as applied to physicians and dentists.

Moreover, whether the harm to plaintiff was occasioned by defendant's optometrist or its technicians employed to grind the lenses to the prescription of the optometrist, the law of implied warranty and consequent liability must apply under these facts.

Accordingly, and as a matter of public policy, I would affirm the judgment of the trial court in favor of appellee.