533 P.2d 60 (1975)
Betty HERRERA, Plaintiff-Appellant,
v.
Lawrence W. ROESSING, M.D., Defendant-Appellee.
No. 74-212.
Colorado Court of Appeals, Div. II.
February 19, 1975.
*61 Leland S. Huttner, P.C., Denver, for plaintiff-appellant.
Yegge, Hall & Evans, Richard D. Hall, Denver, for defendant-appellee.
Not Selected for Official Publication.
STERNBERG, Judge.
This is an appeal from a judgment of dismissal entered by the trial court at the close of the evidence in a suit against a physician based on an alleged breach of an express warranty to make plaintiff sterile. We affirm.
The evidence disclosed that plaintiff, a 38-year-old woman, consulted the defendant in October 1969. She had four living children, was pregnant, and requested that an operation be performed on her to prevent further pregnancies. The defendant agreed to perform a sterilization procedure at the time of delivery of plaintiff's baby. Plaintiff signed a hospital form stating that "no guarantees have been made to me as the result of the treatments or examinations in the hospital."
A tubal ligation was performed on October 28, 1969, and thereafter, on November 4, 1969, the date of plaintiff's discharge from the hospital, a discussion did take place in which the physician told her that he was sure that she wouldn't get pregnant in the future, that she was "not to worry about the tubes coming undone," and that she need no other protection against becoming pregnant. However, in April of 1971 the plaintiff was again found to be pregnant, and on September 7, 1971, she gave birth to a baby girl.
The complaint alleged that at the time the parties discussed the plaintiff's desire to be sterilized, the physician "orally agreed and warranted that such operation would absolutely prevent plaintiff from having any further pregnancies." The evidence presented at the trial, however, was devoid of proof of any warranty or conversation on that subject prior to surgery. Plaintiff did not seek to amend the complaint to conform to the evidence that the alleged warranty had occurred in the conversation of November 4, 1969. Plaintiff relies solely on the legal theory of breach of express oral contract and warranty, and does not argue either implied contract or negligent misrepresentation.
After a two-day jury trial, the court entered judgment of dismissal based on the uncontroverted evidence that, contrary to the allegation in the complaint, at no time before the operation was any oral warranty or guaranty made, and that the only discussion concerning the results of the surgery was after it had occurred. The court stated that the statements made in the discussion between the parties after surgery about the chances of plaintiff becoming pregnant again were mere opinions and reassurances of a doctor to a patient, and not a guaranty. We agree.
Plaintiff urges that the court erred in taking the case from the jury and entering a judgment of dismissal. The complaint alleged breach of an oral contract entered into before surgery. There being no evidence of any such contract or warranty having been made prior to surgery, *62 it is axiomatic that the court acted properly in removing the case from the jury because of plaintiff's total failure to prove her case.
The plaintiff also urges that the case should have gone to the jury on the theory of an oral warranty made by defendant in the post-surgery conversation. Assuming without deciding that the pleadings were broad enough to allege that the conversation after surgery constituted an oral contract which defendant breached, nevertheless, the action of the trial court in taking the case from the jury was proper.
While it is true that there can be a special contract between a physician and patient guaranteeing successful results from surgery, see Bailey v. Harmon, 74 Colo. 390, 222 P. 393, there must be consideration to support such a warranty. Rogala v. Silva, 16 Ill.App.3d 63, 305 N.E.2d 571; Annot., 43 A.L.R.3d 1221. Here, there was no evidence of any consideration to the defendant for the alleged contract and warranty entered into after surgery.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.