**Nancy DORNEY, Plaintiff,**

v.

**David W. HARRIS, M.D., Defendant.**

**Civ. A. No. 79-K-980.**

United States District Court,
D. Colorado.

Jan. 15, 1980.

**324**

George A. Hinshaw, Aurora, Colo., for plaintiff.

Dale S. Carpenter, III, Johnson & Mahoney, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This complaint alleges that defendant, David W. Harris, M.D., negligently performed a surgical procedure known as a Frankenhauser nerve block. In her third claim for relief, plaintiff alleges that Dr. Harris' conduct constituted a breach of implied and express warranties to perform proper care for plaintiff's dysmenorrhea condition. Plaintiff's fourth claim for relief requests this court to award punitive dam-

ages because defendant, in treating plaintiff, was guilty of wanton disregard of the possible effects of the treatment on plaintiff's well being. This case is now before the court upon defendant's motion to dismiss the third and fourth claims of the complaint.

## IMPLIED AND EXPRESS WARRANTIES

■ In moving this court to dismiss plaintiff's third claim for relief, defendant asserts that there is no basis in law for an action against a professional for breach of implied warranty in the performance of professional duties when there is no sale of goods. Defendant is correct. Colorado observes the distinction between sales and services. A sale is an essential element to impose liability under warranties. *Belle Bonfils Memorial Blood Bank v. Hansen,* Colo., 579 P.2d 1158 (1978); *See, Hiigel v. General Motors Corp.,* 190 Colo. 57, 544 P.2d 983 (1975).

■ "A dentist or physician offers and is paid for his professional services and skill. That is the *essence* of the relationship between him and his patient." *Carmichael v. Reitz,* 17 Cal.App.3d 958, 95 Cal.Rptr. 381, 393 (1971). Thus those who provide medical care provide services. Ordinarily, they cannot be held liable for breach of implied warranties. *Belle Bonfils Memorial Blood Bank v. Hansen, supra; Carmichael v. Reitz, supra; Perlmutter v. Beth David Hospital,* 308 N.Y. 100, 123 N.E.2d 792 (1954).

■ Plaintiff's third claim for relief also claims that defendant's actions constituted breach of his express guarantee and warranty to perform the proper care and treatment of plaintiff. There can be a special contract between a physician and patient guaranteeing successful results from surgery if such guarantee or express warranty is supported by consideration. *Bailey v. Harmon,* 74 Colo. 390, 22 P. 393 (1924); *Herrera v. Roessing,* Colo.App., 533 P.2d 60 (1974). (Not selected for official publication.) Here plaintiff's complaint fails to set

forth facts alleging the existence of a guarantee or the existence of consideration to support it. Accordingly, plaintiff's third claim for relief is dismissed.

## STATUTE OF LIMITATIONS

Defendant contends that plaintiff's claim for punitive damages is barred by the one year statute of limitation in C.R.S. § 13–80–104 which reads as follows:

All actions and suits for any penalty or forfeiture of any penal statute, brought by this state or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year after the offense is committed and not after that time.

It is clear that this action was not commenced within one year of the offense allegedly committed by defendant. Plaintiff's original complaint was filed on July 26, 1979; paragraph 7 of the complaint states that the operation occurred on March 2, 1978.

However the applicability of C.R.S. 13–80–104 also depends on whether the action involved is one brought to enforce a penalty or forfeiture. *Carlson v. McCoy*, Colo., 566 P.2d 1073 (1977). Defendant's belief that plaintiff's claim for punitive damages is premised upon C.R.S. 13–21–102 which provides for an action or a suit for a penalty is erroneous. C.R.S. 13–21–102 provides:

In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages.

It is clear that C.R.S. 13–21–102 does nothing more than authorize an award of exemplary or punitive damages.

Defendant directs the court's attention to *Carlson v. McCoy, supra*, a case in which the Colorado Supreme Court was presented with the question whether the one year limitation in C.R.S. 13–80–104 barred an action for punitive damages brought pursuant to a statute which allowed for the recovery of actual and punitive damages. The court correctly stated:

. . . statutes which impose penalties in excess of actual damages are penal for purposes of the statute of limitations.

However in contrast to the instant case, the action in *Carlson* was based totally on a statute designed to create a cause of action to recover a penalty. There the action to recover treble damages could be pleaded and proved independent of any other claim for relief. Here plaintiff does not seek to bring and indeed is not authorized to institute a cause of action for punitive damages under C.R.S. 13–21–102.

In *Sherwood v. Graco*, 427 F.Supp. 155 (D.Colo.1977), my brother Finesilver rejected plaintiff's argument that ". . . the limitation statute works only against statutes which contain both a substantive cause of action and a penalty provision for noncompliance." However, I am reluctantly compelled to disagree with his ruling. In my view C.R.S. 13–80–104 is only applicable to statutes which provide a cause of action for punitive damages independent of any other claim for relief. While such claims may be joined with others, each must be capable of independent viability.

Plaintiff's claim for exemplary damages is incapable of sustaining an independent cause of action. Instead it is dependent upon the underlying tort claim. "The nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations." *McDowell v. Union Mutual Life Insurance*, 404 F.Supp. 136, 146 (C.D.Cal. 1975). Therefore I hold that plaintiff's claim for punitive damages is not a suit or action for a penalty or forfeiture. It is hereby

ORDERED that the third claim of plaintiff's amended complaint is dismissed. It is further ordered that defendant's motion to dismiss the fourth claim of plaintiff's complaint is denied.