Myrna DENNIS, Appellant,

v.

T.H. ALLISON, Appellee.

No. 08–83–00128–CV.

Court of Appeals of Texas, El Paso.

April 27, 1984.

Rehearing Denied July 18, 1984.

John Holman Barr, Dallas, Joel W. Westbrook, Thomas A. Clarke, Westbrook, Schroeder & Piker, San Antonio, for appellant.

Richard E. Gray, Stephen F. Fink, Thompson & Knight, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

Appellant patient sued her psychiatrist. The case went to the jury on the theory of breach of implied warranty of compliance of ethical commandments of the psychiatric calling. Of importance here are three special issues (1, 2 and 3) in which the jury found that the Appellee had impliedly war-

ranted he would fully comply with the ethical commandments of his calling and that he had breached the warranty proximately causing damage to his patient. The trial court granted the Appellee's motion to disregard the above jury findings as immaterial and entered a take nothing judgment. We affirm.

Myrna Dennis had been Dr. Allison's patient for thirteen years and she had become very dependent on him for mental and emotional support. So much so, that in August, 1978, she flew from Brownsville to Dallas to seek his help. The crisis at that time concerned her employment as a teacher. Informed of her problem, Dr. Allison instructed her to come to Dallas. He arranged to meet her at her hotel across from Baylor Medical Center and did so early on a Monday evening. The doctor had spent the earlier part of the day in bed recuperating from excessive drinking. While in the hotel room, Allison struck her several times with a belt and engaged in some sexual activity with her. The parties dispute the extent and character of Allison's acts. After this activity, Allison gave her a sedative and promised to call her the following morning. He did not call and she checked into the Baylor Medical Center where she was placed in the psychiatric facility. Allegedly because of the incident, she was unable to teach for the year, and thereafter had trouble holding employment. Her testifying psychiatrist (not Allison) testified that in his opinion the incident rendered her unemployable. There was other evidence that she had not been well regarded as a teacher and that her unemployability predated the incident. The jury's damage award was $12,000.00 for lost wages and $50,000.00 for future lost compensation.

As we interpret Appellant's first point, it is that the trial court erred in disregarding as immaterial the jury's findings to Special Issues Nos. 1, 2 and 3. Rule 418(d) Tex.R. Civ.P. Issues 2 and 3 are dependent on Number One so our consideration is restricted to the first issue. In that issue, the jury found that Dr. Allison impliedly warranted that he would, at all times in his treatment and relationship with Myrna Dennis, comply fully with the ethical commandments of his calling as a psychiatrist. It is well to remember that the court did not grant a judgment notwithstanding the verdict, but rather granted Appellee's motion to disregard the jury's favorable answers as being immaterial.

Special issues which should not have been submitted or which erroneously submit questions of law are immaterial. 4 R. McDonald, Texas Civil Practice, sec. 17.-31 (1971). If, as contended by Appellee, a breach of an implied warranty of compliance with the ethical commandments of a calling will not support a judgment for Appellant, then, the trial court was correct in declaring the finding of special issues in regard thereto immaterial and disregarding them. Although we believe it was error to submit the issue, it was invited. Appellant insisted on the submission in spite of admonishment by the court, amended her pleadings to meet the objection that there were no pleadings to support it, and the court so charged the jury over objections of Appellee. In so insisting, Appellant abandoned her alternative theories.

Appellant has not provided us with a case in this or any other jurisdiction recognizing a cause of action for breach of an implied warranty of ethical commandments of a psychiatric calling. It is well settled that in undertaking the treatment of a patient, the practitioner impliedly contracts that he possesses the reasonable degree of skill and learning possessed by others of his profession, and that he will use reasonable and ordinary care and skill in the application of such knowledge to accomplish the purpose for which he is employed. *Rose v. Friddell*, 423 S.W.2d 658 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.). Here, Appellant chose not to submit her case on any recognized standard of care or any other recognized cause of action. Other remedies were available as evidenced by the alternative pleadings of Appellant alleging assault and malpractice.

The Supreme Court of Texas expressed in *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 78 (Tex.1977), that the availability of alternative remedies militates strongly against recognition of implied warranties. It is apparent that the direction taken by Appellant was motivated, at least in part, by her seeking to impose treble damages under the Deceptive Trade Practices Act. But even in this regard, Section 12.01 of the Medical Liability and Insurance Act art. 4590i (Vernon Supp. 1984), provides:

> Notwithstanding any other law, no provisions of Section 17.41–17.63, Business & Commerce Code, shall apply to physicians or health care providers ... with respect to claims for damages for personal injury ... resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

Although Appellant's theory as submitted was not one of negligence, it does depend on an alleged duty imposed by operation of law. The action also seeks damages for personal injuries. A reading of *Texas State Optical, Inc. v. Barbee,* 417 S.W.2d 750 (Tex.Civ.App.—Beaumont), affirmed, *Barbee v. Rogers,* 425 S.W.2d 342 (Tex. 1968), indicates that Texas has observed a distinction in applying the doctrine of implied warranties to sales and services and that a professional cannot be held liable for the breach of an implied warranty for the performance of professional health care duties absent a sale of goods. The case of *Dorney v. Harris,* 482 F.Supp. 323 (D. Colo.1980) sets forth this distinction. In that case, the Federal District Court stated:

> A dentist or physician offers and is paid for his professional services and skill. That is the essence of the relationship between him and his patient. *Carmichael v. Reitz,* 17 Cal.App.3d 958, 95 Cal. Rptr. 381, 393 (1971). Thus those who provide medical care provide services. Ordinarily, they cannot be held liable for breach of implied warranties. *Belle Bonfils Memorial Blood Bank v. Hansen,* supra [195 Colo. 529, 579 P.2d 1158 (1978)]; *Perlmutter v. Beth David Hospital,* 308 N.Y. 100, 123 N.E.2d 792 (1954).

In the case at bar, an extension of an implied warranty theory to cover a professional is unwarranted in view of the several available theories of recovery for the Appellant. See: Perdue, The Law of Texas Medical Malpractice sec. 1.00–1.05 at 2–12 (1975). Available to Appellant were the theories of medical battery and nonmedical battery, negligence and perhaps, abandonment. We overrule Point of Error No. One.

Appellant in Point of Error No. Two, contends that the trial court erred in considering as "critical" the statement in the code of ethics that the code was "not law." If the judgment entered is correct, the assignment by the trial court of a wrong reason, if it was, for granting such judgment is not reversible error. Since we find the judgment to be correct, point two is overruled. *Ranger Insurance Co. v. Mustang Aviation, Inc.,* 641 S.W.2d 587, 592 (Tex.App.—Dallas 1982, writ ref'd n.r. e.).

The facts of this case being so abhorrent, when coupled with the submission on the wrong theory, suggest a remand for a new trial in the interest of justice. However, we find no error in the judgment upon which to base a reversal.

The judgment is affirmed.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent on the basis that the special issues create a cause of action which would support a judgment. By their wording they present more than findings of an implied warranty, its breach, and resulting damages.

The issues and the jury's answers are: Special Issue No. 1

> Do you find from a preponderance of the evidence that the Defendant impliedly warranted to Plaintiff that he would, at all times, in his treatment and relationship with Plaintiff, comply fully with the ethical commandments of his calling as a psychiatrist?

ANSWER: "We Do" or "We do not"

ANSWER: <u>We Do</u>

Special Issue No. 2

Do not answer Special Issue No. 2 unless you have answered Special Issue No. 1 "We Do."

Do you find from a preponderance of the evidence that on or about August 14, 1978, Defendant breached his implied warranty inquired about in Special Issue No. 1 in one or both of the following particulars?

ANSWER: "We Do" or "We do not"

A. By physically beating the Plaintiff <u>We Do</u>

B. By sexually using Plaintiff <u>We Do</u>

Special Issue No. 3

Do not answer Special Issue No. 3 unless you have answered "We Do" in Special Issue No. 2 "A" or "B", or both of them.

Do you find from a preponderance of the evidence that Defendant's breaching of his implied warranty, as found in Special Issue No. 2A or 2B proximately caused damage to Plaintiff?

ANSWER: "We Do" or "We Do Not"

ANSWER: <u>We Do</u>

As can be seen, the jury found more than a breach of warranty per se; it found that the defendant physically beat the plaintiff and that he sexually used her. The findings of physical beating, "2A", and sexual using, "2B", "proximately caused damage to plaintiff." The findings sound in tort because of the duty not to physically do those things regardless of any canons of ethics. It was error to disregard such findings.