**Susan VAN LEEUWAN, Plaintiff,**

v.

**Dr. Richard M. NUZZI, Defendant.**

**Civ. A. No. 91–K–1932.**

United States District Court,
D. Colorado.

Jan. 21, 1993.

Charles J. Pisano, Boulder, CO, for plaintiff.

Michael W. Jones, Matthew Biscan, Hall & Evans, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This matter is before me on Defendant Dr. Richard M. Nuzzi's motion for summary judgment, filed September 22, 1992. Despite local rules which require the nonmovant to respond to a motion for summary judgment within twenty days after service, Plaintiff Susan Van Leeuwan has failed to do so. Rule 56(e) of the Federal Rules of Civil Procedure provides that when a motion for summary judgment is made and properly supported, the adverse party may not rest on the pleadings and must "set forth specific facts showing that there is a genuine issue for trial. If the

adverse party does not so respond, summary judgment, *if appropriate,* shall be entered against the adverse party." Fed. R.Civ.P. 56(e) (emphasis added.) Therefore, even though Van Leeuwan has not responded properly to the motion, I must still determine whether Nuzzi has demonstrated the absence of any triable issue of fact and entitlement to judgment as a matter of law. *See* 10A Charles A. Wright, *et al., Federal Practice and Procedure* § 2739 at 523–29 (1983). Having done so, the motion is granted in part and denied in part.

## I. BACKGROUND.

This is a diversity action for malpractice and other torts. Van Leeuwan alleges in her second amended complaint that she saw Dr. Nuzzi, a chiropractor, on November 6, 1989 for treatment of epileptic seizures. According to Van Leeuwan, Nuzzi advised her to stop taking her epilepsy medication and violently manipulated her head, neck, back, spine and torso. Van Leeuwan claims that after this treatment, she suffered great pain, her seizures got worse, and she became totally disabled. She alleges claims against Nuzzi for (1) professional negligence, (2) negligent failure to obtain her informed consent to treatment, (3) battery, (4) breach of express warranty that she would be cured of epilepsy, (5) negligent misrepresentation, and (6) outrageous conduct.

## II. MOTION FOR SUMMARY JUDGMENT.

A. *Claims for Professional Negligence, Negligent Failure to Obtain Informed Consent and Battery.*

Nuzzi's first contention is that, in order to establish a prima facie case of malpractice, Van Leeuwan must establish by expert testimony a breach of the applicable standard of care. She has to date failed to identify any expert witness who will establish that Nuzzi's treatment fell below the standard of care. Nuzzi has submitted the affidavit of his expert, Dr. Scott Storrie, who opines that Dr. Nuzzi's treatment of Van Leeuwan was at all times appropriate.

Storrie further states: "Specifically, Dr. Nuzzi's working diagnosis of cervical cranial syndrome, cervical segmental dysfunction, and sciatica were appropriately treated, the cranial manipulations provided were appropriately done, and no referral was necessary. No improper treatment of a seizure disorder was performed by Dr. Nuzzi." (Mot. Summ. J., Ex. D.)

■ Although Nuzzi argues that Dr. Storrie's affidavit establishes that there is no factual dispute that Nuzzi's treatment met the standard of care, courts are often reluctant to grant an unopposed motion for summary judgment based on opinion testimony alone. One treatise explains:

It should be remembered that even though an affidavit meets the requirements of Rule 56(d) this does not mean that the party presenting the affidavit will be successful in obtaining or defeating a particular summary judgment motion. Thus, for example, because opinion testimony always is subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment.

10A Charles A. Wright, *et al., supra,* § 2738 at 502. That same treatise goes on to note, however, that "if the issue is one of a kind on which expert testimony must be presented, and nothing is presented to challenge the affidavit of the expert, summary judgment may be proper." *Id.* at 503–04.

■ Under Colorado law, unless the subject matter of a medical malpractice action lies within the realm of the common knowledge of ordinary persons, the standard of care as well as the defendant's failure to adhere to that standard must be established by expert testimony. *Melville v. Southward,* 791 P.2d 383, 387 (Colo. 1990); *Connelly v. Kortz,* 689 P.2d 728, 729 (Colo.App.1984). Likewise, Colorado's law on informed consent does not require a physician to make a full disclosure of the risks of medical treatment in all circumstances; this, too, is a question dependent upon community medical standards as established by expert testimony. *In re*

*Swine Flu Immunization Prods. Liab. Litig.*, 533 F.Supp. 567, 575 (D.Colo.1980). Therefore, this is a case in which it is appropriate to grant summary judgment based on expert opinion.

■ In his affidavit, however, Dr. Storrie nowhere addresses Van Leeuwan's claim that Nuzzi breached the standard of care in advising her to stop taking her epilepsy medication. Likewise, Storrie makes no opinion on whether the course of treatment provided Van Leeuwan was one for which informed consent was not required. For this reason, Storrie's affidavit is relevant only to the standard of care Nuzzi provided in manipulating Van Leeuwan's spine. It does not provide a sufficient basis upon which to grant summary judgment on her claim relating to Nuzzi's advice on her epilepsy medication or her informed consent claim. Therefore, I deny Nuzzi's motion for summary judgment as to these claims.

■ Van Leeuwan has also pled a claim for battery. Under Colorado law, however, a battery cannot occur in these circumstances unless the physician has obtained *no* consent for the procedures. *See Bloskas v. Murray*, 646 P.2d 907, 914 (Colo. 1982). Thus, this claim is inconsistent with the facts and with Van Leeuwan's claim based on lack of *informed* consent. Moreover, even if Van Leeuwan's complaint can be construed as stating a claim for battery, it would be barred by the statute of limitations, since the events in question took place more than one year before the complaint was filed. *See* Colo.Rev.Stat. § 13–80–103(1)(a) (1987). Thus, summary judgment is granted in favor of Nuzzi on Van Leeuwan's claim for battery.

**B.** *Claim for Breach of Guaranty of Cure.*

■ Nuzzi next argues that Van Leeuwan fails as a matter of law to state a claim for breach of guaranty or warranty of a cure. In Colorado, medical practitioners generally cannot be held liable for breach of an implied guarantee of a cure. *Dorney v. Harris*, 482 F.Supp. 323, 324 (D.Colo.1980). While in some circum-

stances the physician and patient may enter into a special agreement guaranteeing the successful results of surgery, *id.*, case law in Colorado requires the existence of a contract supported by separate consideration, *id.; Herrera v. Roessing*, 533 P.2d 60, 62 (Colo.App.1975). Mere opinions and reassurances of a doctor to his patient are insufficient to establish such a contract. *Herrera v. Roessing*, 533 P.2d at 62.

■ Here, Nuzzi argues that Van Leeuwan has failed to make a prima facie showing of a contract to support her claim for breach of guarantee of a cure. I agree. Although Van Leeuwan alleges in her complaint that Nuzzi contracted with her to achieve a specific result, namely a cure for her epilepsy, there is no extrinsic evidence that any separate contract existed. In her deposition, Van Leeuwan relates only that Nuzzi stated that he could "help" her. Van Leeuwan also alleges that consideration for her contract with Nuzzi was her payment for the treatment. Under the above case law, however, there must be clear evidence of a contract and consideration separate from the physician's agreement to provide medical services. For these reasons, I grant Nuzzi's motion for summary judgment on Van Leeuwan's claim for breach of guarantee of a cure.

**C.** *Claim for Negligent Misrepresentation.*

■ Nuzzi's third contention is that Van Leeuwan's claim for negligent misrepresentation fails as a matter of law because the representations, if any, were merely opinions and did not concern present facts. Van Leeuwan's claim for negligent misrepresentation is poorly pled. She states only that Nuzzi "negligently gave false information to [her], and [she] reasonably relied on such information, resulting in physical and emotional damage." (Compl. ¶ 7.). Nowhere does she identify what information Nuzzi provided that she believes to be false. This violates Fed.R.Civ.P. 9(b), which requires averments of fraud or mistake to be pled with particularity.

 Notwithstanding Van Leeuwan's failure to plead properly a claim for negligent misrepresentation, reading her complaint as a whole, there is no basis for such a claim. Under Colorado law, the misrepresentation must be of a material fact which either exists in the present or has existed in the past. *Kinsey v. Preeson,* 746 P.2d 542, 551 (Colo.1987). A promise as to future events without a present intent not to fulfill the promise is not actionable. *Id.* Likewise, mere expressions of opinions cannot support a misrepresentation claim. *Leece v. Griffin,* 150 Colo. 132, 371 P.2d 264, 265 (1962). Here, Nuzzi's statements that he could help Van Leeuwan with her seizure disorder, absent more, were simply statements of professional opinion. I grant the motion to dismiss the negligent misrepresentation claim.

**D. *Outrageous Conduct Claim.***

 Nuzzi next argues that the allegations in this case do not rise to the level of severity and indignity to justify a claim for outrageous conduct. I agree. "Liability for outrageous conduct exists where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Bauer v. Southwest Denver Mental Health Center, Inc.,* 701 P.2d 114, 118 (Colo.App.1985). I must determine as a threshold matter of law whether Van Leeuwan's allegations show sufficiently heinous conduct to create a submissible claim. *Id.* If I determine no reasonable person could conclude that Nuzzi's conduct was outrageous, summary judgment must be granted. *Id.*

The facts of this case do not approach the level of gravity and indecency of other cases held not to state a claim for outrageous conduct. This is a straightforward malpractice case with no extenuating circumstances. Accordingly, I grant Nuzzi's motion for summary judgment on Van Leeuwan's outrageous conduct claim.

**E. *Exemplary Damages.***

 Nuzzi's final request is that I strike Van Leeuwan's claim for punitive damages. Colorado law requires injury attended by circumstances of fraud, malice or willful and wanton conduct before exemplary damages can be awarded. *See* Colo. Rev.Stat. § 13–21–102. Nuzzi argues that Van Leeuwan has not alleged facts to support a claim that fraud, malice or willful and wanton conduct occurred during Nuzzi's treatment of her. Given my analysis of Van Leeuwan's other claims, I agree. Van Leeuwan's viable claims are based on negligence, not intentional, malicious conduct. Her request for punitive damages is stricken.

Accordingly, the motion for summary judgment is DENIED with respect to Van Leeuwan's claim for professional negligence regarding Nuzzi's advice to cease taking her epilepsy medication and her claim for negligent failure to obtain her informed consent. It is GRANTED with respect to Van Leeuwan's claims for battery, breach of express warranty, negligent misrepresentation and outrageous conduct.