**Donald D. HAMILTON, DVM, Petitioner,**

v.

**John THOMPSON, d/b/a the Buckskin Stallion Station, Respondent.**

No. 00SC705.

Supreme Court of Colorado, En Banc.

May 15, 2001.

Dickinson, Everstine & Prud'Homme, LLP, Michelle R. Prud'Homme, Denver, CO, Attorney for Petitioner.

John Thompson, Waterloo, IA, Pro Se.

PER CURIAM.

We accepted certiorari in this appeal from the district court's judgment upholding a judgment of the small claims court awarding damages in the amount of $5,000.00 in favor of John Thompson on his counterclaim against Dr. Donald D. Hamilton.[1] We reverse, set aside the damage award, and order dismissal of the counterclaim.

Hamilton filed suit in the small claims court seeking recovery of $2,861.10 in unpaid veterinary fees. A bench trial was held on May 23, 2000. On the day of trial, Thompson filed his answer denying liability for payment of the fees as well as a $5,000.00 counterclaim against Hamilton for damages due to negligent performance of the contracted services. The small claims court proceeded with the trial forthwith.

Both parties testified at trial. Hamilton testified that Thompson had hired him to perform ultrasound services to determine whether mares being bred at Thompson's horse breeding facility were pregnant. The parties agreed upon a charge of $20.00 per ultrasound. The arrangement called for a technician to take the ultrasound pictures at the breeding facility and for Hamilton, a licensed veterinarian, to read the pictures and report the results to Thompson.

Thompson's defense and counterclaim rested on the assertion that the technician, Kim Parrington, was not licensed to take ultrasounds and diagnose pregnancies; neverthe-

---

1. The issues on certiorari are: (1) whether the district court erred in upholding the county court judgment as supported by the evidence despite the absence of any competent evidence of standard of care, deviation from the standard of care, or causation of damages contrary to this Court's holding in *Melville v. Southward,* 791 P.2d 383 (Colo.1990), requiring expert testimony; (2) whether the district court erred in affirming a judgment on a counterclaim entered in violation of the rules of civil procedure and the plaintiff's fundamental right to due process; (3) whether a defendant on a counterclaim is entitled to the same due process as a defendant on a complaint, including adequate notice of the claim and a reasonable opportunity to defend, and the right to seek legal advice and transfer the matter to county court to allow legal representation.

less, she did so. Thompson testified that the ultrasound printer malfunctioned often and that Parrington, contrary to the contract, had performed the diagnosis function that was reserved to Hamilton, resulting in false reports of pregnancies, with the result that Thompson had to provide rebreeding services at his own expense. The trial court's ruling on the counterclaim is the only matter before us on certiorari review.

Thompson's counterclaim, injected into the case on the day of trial, stated that: "He [Hamilton] hired a person to perform vet medicine who is not a license[d] vet." We have reviewed the transcript of the trial, including the trial court's oral ruling and the exhibits, together with the district court's written ruling upholding the $5,000.00 damages award. The trial court ruled that the professional services were substandard:

> The court concludes on the basis of the evidence and testimony that has been given, that the services that were provided were not up to the agreed contract. That in fact, they were substantially below the standards that one could expect and substantially below that which I think that Mr. Thompson had a right to expect.

The district court's judgment upholding the trial court's damages award characterized the counterclaim as involving negligence in the delivery of professional services:

> Plaintiff sued on a contract to perform pregnancy testing on horses owned [by] defendant. An assistant of plaintiff who is unlicensed to diagnose pregnancy in horses did tests. There is evidence that many of these diagnoses were in error and some performed by an unlicensed technician. The Court concluded that services were not performed satisfactorily pursuant to the contract, therefore, plaintiff should not recover on his claim. The Court further found that because of the missed diagnoses, defendant became liable for over $5,000 in stud fees for which plaintiff was responsible. There is sufficient evidence to support these findings on the record.

■ When a claim seeking damages for failure to perform professional services may sound in either tort or contract, *see Bailey v. Harmon*, 74 Colo. 390, 391, 222 P. 393, 393 (1924), the trial court must determine whether the "gist of the action" is a claim for professional negligence. *Maercklein v. Smith*, 129 Colo. 72, 78, 266 P.2d 1095, 1098 (1954). Thompson asserted a claim for damages against a licensed professional based on his technician performing veterinary services that she was unqualified to perform. The district court agreed with the trial court that the crux of Thompson's counterclaim was "missed diagnoses" and upheld the damages award on that basis.

We hold that the district court erred in upholding the judgment on the counterclaim. The small claims court should not have allowed the damages action for professional negligence to proceed to trial before it. Thompson did not present expert evidence to establish that Hamilton failed to conform to the standard of care ordinarily possessed and exercised by members of Hamilton's school of medicine. *Melville v. Southward*, 791 P.2d 383, 387 (Colo.1990).[2]

The rules of substantive law apply in small claims actions. *See* § 13–6–401, 5 C.R.S. (2000). C.R.C.P. 513 provides for simplified procedure in small claims court, but it does not relieve a party asserting a claim for professional negligence from compliance with the requirements applicable thereto. Taking into account Rule 513's direction to "dispense justice promptly and economically," we determine that the judgments of the trial court and the district court did not justly award

---

2. We also note that Thompson did not file a certificate of review, as required by section 13–20–602, 5 C.R.S. (2000). Section 13–20–602 applies to any claim for negligence against a licensed professional. *See State v. Nieto*, 993 P.2d 493, 501 (Colo.2000). Hamilton is a licensed professional under the Colorado Veterinary Practice Act, section 12–64–107, 4 C.R.S. (2000).

The purpose of a certificate of review is to demonstrate that the person bringing the claim has consulted a person who has expertise in the area of the alleged negligent conduct, and the expert has concluded that the claim is meritorious. *See Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo.1999).

damages on the counterclaim in this case. *See In re Semental v. Denver County Court,* 978 P.2d 668, 670 (Colo.1999).[3]

Accordingly, we reverse the judgment of the district court and set aside the damages award based on professional negligence. We remand this case to the district court, with directions to order the small claims court to dismiss the counterclaim.

**3.** We recognize that the certificate of review statute does not mesh well with the simplified procedure generally applicable in small claims court; courts, however, are not at liberty to ignore the certificate of review and standard of care requirements applicable to professional negligence claims. Thus, professional negligence claims are more suited to being pursued in either district or county court.