No. 19,985.

ANN SPENCER LEECE *v.* ROSEMARY GRIFFIN, ET AL.

(371 P. [2d] 264)

Decided May 7, 1962. Rehearing denied May 21, 1962.

Mr. JOHN C. LAFFERTY, for plaintiff in error.

Messrs. COIT & GRAHAM, for defendants in error JIM HEDRICK and UNITED FARM AGENCY.

Mr. GERALD J. ASHBY, for defendant in error ROSEMARY GRIFFIN.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as Leece, and to defendants in error as defendants or as Griffin, Hedrick or United where the reference is to them individually.

The action was brought by Leece to recover damages for fraud. She alleged that she was induced to buy certain real estate in Mesa county by the false representations of defendants concerning improvements on, and the productivity of, the land. Griffin was the owner of the property involved; United was the real estate broker employed by Griffin to effect a sale of the premises; and Hedrick was the salesman employed by United with whom Leece dealt in making the contract of purchase.

The false representations allegedly made by the defendants were stated in the complaint as follows:

(1) "That the said premises would produce an annual pear crop that would provide an annual income for plaintiff of at least the sum of $1,500.00, but that the 1960 pear crop would not be very good if the defendant Rosemary Griffin had not sprayed the same."

(2) That the land "had been and was good and fertile land to produce crops, and that the annual income therefrom for the plaintiff would be at least $2,300.00 which would include the said annual income of $1,500.00 obtained from the said pear crop."

(3) That there was a large acreage of land abutting the premises on the north which was government land and that ownership of at least 100 acres could be purchased by the plaintiff for $4.50 per acre and that said land could be irrigated from a ditch.

(4) That the house on the premises was "basically sound and in good living condition."

(5) That the garage was "good for common usage as such; and, that the barn situate on said premises could be repaired by plaintiff at a reasonable expense."

(6) That the house on the premises was supplied with water from a well.

The foregoing allegations of fraud were denied by defendants, who in turn alleged that Leece had examined the premises prior to purchase and entered into the agreement to buy the property in reliance on her own examination. A jury was selected to try the issues. At the conclusion of the evidence offered by Leece the trial court granted the motion of defendants for a directed verdict, and judgment entered accordingly.

Reduced to essentials the allegations of the complaint attempt to state a claim for actionable fraud based on four alleged misrepresentations:

First. That the house sold to the plaintiff was fraudulently represented as fundamentally sound, but was not.

With reference to this claim the trial court found, inter alia: "The house itself is a sound house. There is no evidence that it is not a fundamentally sound house." We have carefully examined the record and are in complete accord with the trial court. There was nothing to submit to a jury for determination on that issue.

Second. That the land sold to the plaintiff was fraudulently represented as producing land capable of providing an income of $2300.00, but was not.

With reference to this alleged misrepresentation the trial court commented:

"She said that she asked about what the income would be and he took out a piece of paper and made computa-

tions on this little piece of paper and then told her that the income should be $2,300, $1,500 from the fruit, so it's clear that she knew that he wasn't representing that this had been the income. She made no further inquiry, apparently, from him as to how he computed it. Obviously, that would be conjectural, a prediction of annual profit in the — future income."

From the opinion of this court in *Bell Press, Inc. v. Phillips,* 147 Colo. 461, 364 P. (2d) 398, we quote the following pertinent language:

"It is well settled in Colorado that one of the essential elements of fraud and deceit is that there be a false representation of a material fact, which fact either exists in the present or has existed in the past; and, conversely, that a mere expression of an opinion in the nature of a prophecy as to the happening or non-happening of a future event is not actionable. Morrison v. Goodspeed, 100 Colo. 470, 68 P. (2d) 458, 71 P. (2d) 154; and Ginsberg v. Zagar, 126 Colo. 536, 251 P. (2d) 1080. * * * "

The trial court correctly applied this rule to the evidence before it at the close of plaintiff's case.

Third. That it was fraudulently represented that there was a serviceable garage, a repairable shed and a water well, but that these were not present.

With reference to these claimed misrepresentations, suffice it to say that there is no evidence in the record before us sufficient to sustain the allegations of the complaint. The nearest approach to evidence in support thereof is found in the testimony of Leece who said that on a visit to the premises with Hedrick she saw what actually was a cistern and she then made the observation, "Oh, this is my well," and Hedrick answered "Uh huh." This statement falls short of tendering an issue for submission to the jury.

Fourth. That it was fraudulently represented that there was abutting government land available for purchase, but that there was not.

There is no evidence contained in this record tending

to establish the falsity of any representation which might have been made relating to the availability of abutting government land, and it is not contended that any reliance upon any such representation induced Leece to make the purchase.

The trial court committed no error in directing a verdict for the defendants, and the judgment accordingly is affirmed.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.