### No. 27583

**In the Matter of the Application for Water Rights of Jerry Bohn in Morgan, County, Colorado v. C. J. Kuiper, State Engineer, State of Colorado**

(575 P.2d 402)

Decided February 21, 1978.     Rehearing denied March 13, 1978.

Alvin L. Steinmark, for applicant-appellee.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Donald H. Hamburg, Special Assistant, for protestant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The water court granted a conditional decree for an underground irrigation well. The right granted was subject to operation of the well under

and in accordance with an approved plan of augmentation. No plan of augmentation was before the court. We reverse.

Jerry Bohn, the applicant, proposed to drill a well and during the irrigation season to pump 2,000 gallons per minute to irrigate 80 acres with an estimated annual average appropriation of 200 acre-feet. The proposed well would be outside of any designated ground water basin. It would be on the thread of and tributary to the South Platte River. The State Engineer denied a permit for the well on the ground that he was unable to find that unappropriated water was available for withdrawal from the well, and unable to find that vested water rights of senior appropriators would not be materially damaged by use of water from the well.

The applicant then applied to the water court for a conditional decree authorizing the construction of the well. In granting the application, the water court reached a conclusion that operation of the well in accordance with an approved plan of augmentation would eliminate any injury which might otherwise be caused to vested senior rights. It awarded a conditional right of 4.44 cubic feet per second of time to the well, and ordered:

"The Applicant shall not divert water from said well or operate such well, unless proof is furnished to this Court satisfactorily showing that the Applicant is operating said well under and in accordance with an approved plan of augmentation or temporary plan of augmentation as provided in the amended Rules and Regulations of the State Engineer.

"It is also Ordered that the conditional right herein awarded is hereby conti··· .ed in full force and effect until September, 1980. If Applicant desires tc maintain such conditional decree, an Application for a Quadrennial Finding of Reasonable Diligence shall be filed on or before September, 1980, or a showing made on or before such date that the conditional water right has become an absolute water right by reason of the completion of the appropriation."

The applicant concedes that pumping of the well during the irrigation season will cause injury to senior rights unless the water pumped is replaced.[1]

The applicant has not submitted his own plan of augmentation and has not shown that he has joined any organization which has an approved plan of augmentation.[2] Section 37-92-103(9) states:

"'Plan for augmentation' means a detailed program to increase the supply of water available for beneficial use in a division or portion thereof by the development of new or alternate means or points of diversion, by a pooling

---

[1] This position of the applicant negates, or at least makes moot, the finding of the water court that "unappropriated water [was] available for appropriation for this Applicant in the South Platte River and its aquifer." In any event, we need not reach the correctness of this finding.

[2] Statutory provisions relating to plans for augmentation are to be found in sections 37-92-103(9) and 37-92-302 et seq., C.R.S. 1973.

of water resources, by water exchange projects, by providing substitute supplies of water, by the development of new sources of water, or by any other appropriate means."

█ If we were to permit this conditional decree to stand, then anyone desiring to drill a well might obtain such a conditional decree. This is not consistent with orderly adjudication of water rights. It opens the door to chaotic conditions in the offices of water clerks, the State Engineer and division engineers. Before being awarded such a decree, the applicant must submit a plan of augmentation for approval or show that he has joined an organization which has an approved plan of augmentation.

Judgment reversed with directions to deny the application filed with the water court.