## No. 27460

**C. J. Kuiper, State Engineer, Colorado Ground Water Commission, and W-Y Ground Water Management District v. Donald S. Warren**

(580 P.2d 32)

Decided June 12, 1978.                    Rehearing denied July 3, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Gregory J. Hobbs, Jr., First Assistant, Natural Resources Section, Ben L. Wright, Jr., Special Assistant, Natural Resources Section, Loren L. Swick, Special Assistant, Natural Resources Section, John C. Ohrenschall, Assistant, Natural Resources Section, for plaintiffs-appellees.

Marvin B. Woolf, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

On November 2, 1970, the Colorado Ground Water Commission (commission) issued Sylvian J. Warren a conditional permit to construct a well and appropriate water in the Northern High Plains Designated Ground Water Basin in Yuma County. Clearly printed on the permit was the statement that the permit was "VALID FOR ONE (1) YEAR AFTER DATE ISSUED UNLESS EXTENDED FOR GOOD CAUSE SHOWN TO THE ISSUING AGENCY." Three extensions were subsequently granted which afforded the permit holder until August 10, 1973, to perfect his appropriation.

Donald S. Warren, the appellant and Sylvian's successor in interest, filed a statement of beneficial use with the commission on December 11, 1974, claiming that water had been placed to beneficial use on September 10, 1973. The commission refused to accept the statement on the ground that the conditional permit had expired August 10, 1973, and was of no effect. Warren was ordered to abandon the well.

Warren requested and was granted a hearing on April 4, 1975. Testimony at the hearing established that the well had been completed on August 9, 1973, but that water had not been applied to beneficial use until 1975. Warren testified that water had not been placed to beneficial use prior to 1975 for several reasons. First, both 1973 and 1974 were "wet years" and no water was needed. Secondly, the land near the well had been planted in crops which did not require irrigation. And, finally, application of water under such conditions would have constituted waste. The commission, nonetheless, held that the permit had expired prior to

application of water to beneficial use and ordered that Warren discontinue his diversions.

Warren refused to comply with the order, and consequently, the state engineer, the commission, and the W-Y Ground Water Management District filed a complaint in district court for injunctive relief. Trial to the court resulted in a judgment permanently enjoining Warren from further use of the well. The court entered an order that the well be plugged and abandoned in accordance with the prior order. We affirm.

Three questions are addressed on appeal: First, did the trial court err by holding that an appropriator with a conditional permit to appropriate designated ground water must place the water to beneficial use within the time prescribed by statute, regardless of whether due diligence has been shown? Secondly, do statutory time provisions in the designated ground water context violate constitutional guarantees to divert unappropriated water? And, finally, did the trial court err in refusing to hold that the commission has administered the Colorado Ground Water Management Act (Act), section 37-90-101, *et seq.*, C.R.S. 1973,[1] in a discriminatory manner?

■ Section 37-90-108(3), C.R.S. 1973,[2] provides that conditional permits expire one year after the date of issuance unless the statutory requirements for a final permit have been satisfied or unless extended by the commission for a period certain upon good cause shown. The statute reflects a legislative determination that most designated ground water appropriations can be completed within one year, but also permits the commission to grant extensions upon good cause shown to avoid unjust results. The commission has effected the legislative intent by adopting the following policy guidelines:

"5. *Extension of Permits.* A request for extension of the conditional permit must be submitted to the office of the Division of Water Resources on or before the date of expiration of said permit with good cause indicated or no such extension will be granted by the Commission.

"6. *Unpumped Wells (Beneficial Use).* When a conditional permit has been granted and the well has been drilled and completed, the staff may, for good cause shown, grant an extension of one year from the expiration date of the permit to allow the applicant to apply the water to beneficial use. Additional extensions can be granted only by the Commission upon good cause shown and the taking into consideration of the merits of each individual case."

The appellant contends that the concept of due diligence, as developed in Colorado surface water law, is applicable to appropriations under

---

[1] Now section 37-90-101, *et seq.*, C.R.S. 1973 (1977 Supp.).
[2] Now section 37-90-108(3), C.R.S. 1973 (1977 Supp.).

the Colorado Ground Water Management Act. Section 37-90-101, *et seq.,* C.R.S. 1973. Warren claims that he is entitled to a water right since he has proceeded with due diligence to complete his appropriation, regard-less of his failure to comply with the provisions of the Act.

The trial court rejected Warren's contention and held that the statutory time provisions were reasonable and must be observed:

"There are reasonable grounds for the adoption of specific time limits in relation to the management of designated ground waters as distinguished from the 'due diligence' requirements applicable to surface appropriations. As a practical matter, it is apparent that the construction, installation and operation of an irrigation well is in no way comparable, for example, to the planning, construction and operation of a transmountain diversion project.

"Under the Statutes and the Rules of the Commission provision is made for extensions of the permit upon good cause shown. This provides adequate protection to a permit holder confronted with exigent circumstances."

We agree with the trial court's conclusion.

■ The Colorado Ground Water Management Act established a reasonable procedure for the appropriation of designated ground water. The Act created a permit system for the allocation and use of this scarce resource. *North Kiowa-Bijou Management District v. Ground Water Commission,* 180 Colo. 313, 505 P.2d 377 (1973). The statutory procedure was intended to result in the issuance of a final permit to those appropriators who complete their appropriations in accordance with the statutory provisions. *Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629.

■ While the Act establishes a time parameter for the completion of an appropriation, the Act and the commission guidelines afford appropriators the opportunity to obtain extensions upon a showing of good cause. The good cause shown provision, while not identical to the doctrine of due diligence, affords appropriators many of the same protections. Both the statutory extension procedure and the doctrine of due diligence afford appropriators, who are reasonably proceeding to complete appropriations under conditional rights, protection against loss of their rights. Designated ground water appropriators must construct their wells, place water to beneficial use, and comply with the statutory filing and time provisions or lose their right to divert. The trial court properly held that the appellant, who had sought and been granted previous extensions, had failed to seek an additional extension, failed to place water to beneficial use within the life of the permit, and permitted his conditional permit to expire.

## II.

■ The appellant's second allegation is that the constitutional right to make an appropriation will be impermissibly denied unless the

doctrine of due diligence is held to apply in the designated ground water context. We disagree.

The Act's time provisions, including the portions which authorize extensions upon good cause shown, do not prohibit nor impermissibly limit the constitutional right to appropriate the unappropriated waters of our natural streams. *Colo. Const.,* Art. XVI, Secs. 5 and 6. The statute merely regulates the manner of effecting an appropriation in the designated ground water context and does not prohibit such appropriation. *See Larimer County Reservoir Company v. People,* 8 Colo. 614, 9 P. 794 (1885). The permit procedure contained in the Act is reasonably designed to achieve the economic development of our scarce designated ground water resources. *See Thompson v. Colorado Ground Water Commission,* 194 Colo. 489, 575 P.2d 372 (1978); *Fundingsland v. Colorado Ground Water Commission,* 171 Colo. 487, 468 P.2d 835 (1970). Warren's contention is, therefore, without merit.

### III.

■ The final issue addressed on appeal is whether the commission has enforced the provisions of the Act in an arbitrary and discriminatory fashion so as to deprive Warren of the equal protection of the laws. *U. S. Const.,* Amend. XIV. Warren asserts that other appropriators have been permitted to divert water even though they failed to comply with the provisions of the Act.

The trial court rejected the appellant's contentions:

"The Defendant called eleven witnesses in support of the allegation of discriminatory enforcement of the one year rule within which to apply the water to a beneficial use. The Court does not attempt to judge those other individual cases on their merits. Suffice it to say that in practically all of the instances referred to the water had, in fact, been put to a beneficial use within the valid life of the permits involved. In the cases where this appears not to have been the situation there may have been extenuating circumstances justifying the action of the Commission or State Engineer. In any event, if in these cases, the Commission or the State Engineer was in error that would not justify a sanction of the error, nor does it establish a discriminatory practice."

A review of the record causes us to conclude that the trial court's ruling was supported by the evidence and was factually and legally correct.

The remaining allegations of error lack merit and do not require discussion.

Accordingly, the judgment is affirmed.