Joseph L. FOX and Theo Ertl, Trustees of the Tell Ertl Family Trust; Theo Ertl, Trustee of the Buff Ertl White, Jill Ertl Esbensen, Jann Ertl, Twig Ertl, and Rett Ertl Trust; and Shell Western E & P, Inc., a subsidiary of Shell Oil Company, Applicants/Appellants,

v.

The DIVISION ENGINEER FOR WATER DIVISION 5; the State Engineer; Natec Minerals, Inc., formerly known as Natec, Ltd., and formerly doing business in Colorado as Natec Mines, Ltd.; Occidental Oil Shale, Inc.; the Oil Shale Corporation; Colorado River Water Conservation District; Exxon Company, U.S.A.; Mobil Oil Corporation; and Rio Blanco Oil Shale Company, Objectors/Appellees.

No. 90SA120.

Supreme Court of Colorado,
En Banc.

May 6, 1991.

Stephen T. Williamson, Jay J. Bartlett, Louisville, for applicants/appellants.

Timothy R. Buchanan, P.C., Timothy R. Buchanan, Boulder, for Natec Minerals, Inc.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Linda E. White, First Asst. Atty. Gen., Denver, for Water Div. 5 Engineer and the State Engineer.

Chief Justice ROVIRA delivered the Opinion of the Court.

This appeal was taken after the District Court, Water Division No. 5, dismissed the appellants' application for conditional water rights because no plan of augmentation had been submitted. We affirm.

## I

The appellants seek conditional underground water rights for 45 proposed tributary wells located on land owned by them. The original application was filed in 1980, amended in 1988, and finally set for a hearing in October 1989. Although statements of opposition were filed on behalf of numerous parties, all parties, except the State Engineer and the Division Engineer for Water Division No. 5 (State), withdrew their statements of opposition or entered into settlement stipulations with the applicants prior to trial.

The applicants did not submit a plan for augmentation[1] for the court's consideration, but rather proposed a decree which would grant them conditional water rights allowing no pumping until an augmentation plan or approved substitute supply plan was in place. The proposed decree would have allowed them to drill and perform certain testing of the wells prior to implementation of the plan for augmentation. The applicants conceded that there would be occasions when the depletions would be out of priority and cause injury to senior rights unless the water were augmented.

At the close of the applicant's case, the State moved to dismiss the application on the ground that an approved augmentation plan was required as a prerequisite to applicants' being awarded a decree. The court granted the motion and dismissed the case, concluding that the submission of an augmentation plan was a prerequisite to an award of conditional water rights. The court, citing *South Eastern Colorado Water Conservancy District v. City of Flor-*

ence, 688 P.2d 715 (Colo.1984); *Lionelle v. South Eastern Colorado Water Conservancy District*, 676 P.2d 1162 (Colo.1984); *Bohn v. Kuiper*, 195 Colo. 17, 575 P.2d 402 (1978); and *Hall v. Kuiper*, 181 Colo. 130, 510 P.2d 329 (1973), stated:

> It is apparent that while there may be unappropriated water available and the water may be in priority without the need for augmentation for some periods, the intended use of the water makes it unlikely that effective application of the water would be possible without augmentation. Without a plan for augmentation approved by the Court, the application for conditional water right should be denied.

On appeal, the applicants argue that the water court erred in finding that a plan for augmentation is required prior to the granting of a conditional decree for underground water rights where it has been shown that there is unappropriated water available and that the water right sought will be in priority a significant period of time.

## II

### A

■ We have consistently held that a conditional right to divert water which would injure senior appropriators may not be decreed except in conjunction with a plan for augmentation assuring enough available water to exercise the right. *South Eastern Colorado Water Conservancy District v. City of Florence*, 688 P.2d 715, 718 (Colo.1984); *Lionelle v. South Eastern Colorado Water Conservancy District*, 676 P.2d 1162, 1167–1168 (Colo. 1984); *Bohn v. Kuiper*, 195 Colo. 17, 19, 575 P.2d 402, 403 (1978).

The facts in this case parallel those of *Bohn*. In *Bohn*, the applicant sought a conditional decree for a well without submitting a plan for augmentation. In *Bohn*,

---

1. 'Plan for augmentation' means a detailed program to increase the supply of water available for beneficial use in a division or portion thereof by the development of new or alternate means or points of diversion, by a pooling of water resources, by water exchange projects, by providing substitute supplies of water, by the development of new sources of water, or by any other appropriate means.
§ 37–92–103(9), 15 C.R.S. (1990).

as is the case here, the water court determined, and the applicants conceded, that if a plan of augmentation were not approved pumping of the well would cause injury to senior appropriators, even though there was unappropriated water available and operation of the well in accordance with an approved plan of augmentation would eliminate any injury which might otherwise be caused to vested senior rights. The trial court granted a conditional decree and ordered that there should be no pumping until the applicant submitted and the court approved a plan for augmentation. We reversed, holding that obtaining a conditional decree before submitting a plan of augmentation for approval was not consistent with an orderly adjudication of water rights. Accordingly, we concluded that a plan of augmentation must be submitted before a decree is awarded.

A few years later in *Lionelle*, we affirmed the water court's dismissal of Lionelle's application for a conditional storage right based on the applicant's failure to submit a plan for augmentation. We said:

> Because the record established that injury would result from the proposed enlargement of the reservoir, the water court correctly ruled that the Lionelles, before being awarded such a conditional water storage right had to submit a plan for augmentation for approval or show that they had joined an organization which had an approved plan for augmentation.

*Lionelle*, 676 P.2d at 1167–1168.

Finally, in *City of Florence*, the applicants advanced an argument similar to that of the applicants here. They argued that they should not be burdened with certain expenses prior to receiving a conditional decree. In *City of Florence*, the expense was related to showing the availability of unappropriated water while here the applicants seek to avoid the expense of preparing a plan for augmentation. Citing both *Bohn* and *Lionelle*, we reaffirmed our previously expressed views and held that "where injury to appropriators would result, a conditional surface decree should

not issue *absent* a plan for augmentation." *City of Florence*, 688 P.2d at 718.

**B**

■ While the legislature cannot prohibit the appropriation or diversion of unappropriated water for useful purposes, it has the power to regulate the manner of effecting such appropriation or diversion. *Kuiper v. Warren*, 195 Colo. 541, 546, 580 P.2d 32, 35–36 (1978); *Larimer County Reservoir Co. v. People*, 8 Colo. 614, 618, 9 P. 794, 797 (1885).

■ The legislature has regulated the manner by which an applicant may obtain a decree for a conditional water right. Section 37–92–305(9)(b), 6 C.R.S. (1990) provides:

> No claim for a conditional water right may be recognized or a decree therefor granted except to the extent that it is established that the waters can and will be diverted, stored, or otherwise captured, possessed and controlled and will be beneficially used and that the project can and will be completed with diligence and within a reasonable time.

"That section requires proof that water will be diverted and that the project will be completed with diligence *before* issuance of a decree for a conditional right." *South Eastern Colorado Water Conservancy District v. City of Florence*, 688 P.2d 715, 718 (Colo.1984). Although the proposed conditional decree provides that no pumping would occur until an approved augmentation plan is in effect, there is no certainty that an augmentation plan could be created that would result in no injury or that the plan would ever obtain approval. Without such an augmentation plan, it cannot be established that the waters can and will be diverted, stored, or otherwise captured, possessed and controlled and will be beneficially used and that the project can and will be completed with diligence and within a reasonable time. Without an augmentation plan, there should be no conditional grant of water rights under the facts of this case.

C

The State requested that attorney fees be granted on the grounds that the appeal lacks substantial justification, and was substantially groundless and frivolous.

A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of the claim or defense. *Western United Realty v. Isaacs*, 679 P.2d 1063, 1069 (Colo.1984).

The applicants argue that because the water court granted decrees without a submitted or approved plan of augmentation for similarly situated wells, which are junior in priority to theirs and which would result in injury to senior appropriators if not properly augmented, a conflict resulted that merited review. Although the law is well established that a plan for augmentation is necessary where injury to senior appropriators will occur, the water court did in fact award other decrees without a plan of augmentation because the issue was never raised in those cases.

We decline to award attorney fees.

The decision of the water court is affirmed.