David E. BURMAN, Mary Cecilia Burman, Steven C. Harrelson, Tracy A. Harrelson, Robert Allan Rosenthal, Gillian Mary Rosenthal, William H. Russell, Sylvia D. Russell, Paul A. Rabe, Jerald Ardizzone, Theresa A. Ardizzone, Solomon Donald Armenta, Mary Ellen Gulley, Michael E. Broadbent, Karla R. Broadbent, Randolph O. Christian, Rita Jan Christian, Robert L. Hook, Kathryn A. Hook, Andrew J. Maupin, Teri L. Maupin, Fred J. Miley, Nellie O. Miley, Danny L. Moore, Peter W. Miller, Virginia M. Mullin, Rodney

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

D. Phillips, Linda L. Phillips, S. Shannon Purvis, Frank Shepherd, Patricia A. Shepherd, Leon I. Smith, Michael Glenn Stafford, Darren J. Stautz, Stacey L. Stautz, Mark E. Walther, Vicki S. Steinbauer, Robert L. Vixie, Linda J. Vixie, Marvin Andrew Strzyzewski, Kathleen Lynn Strzyzewski, William Patrick Gerdemann, Lynn Ann Gerdemann, Jerome M. Finn, Catherine C. Finn, Clifford Allen Boyce, Debra Kay Palmer–Boyce, Dale A. Hendershot, Glenn A. Powell, Patrick D. Espinoza, Anna M. Espinoza, Vincente T. King, Augusta P. King, and Donna M. Seehorn, Plaintiffs–Appellants,

v.

RICHMOND HOMES LIMITED, a Colorado corporation and Land Title Guarantee Company, a Colorado corporation, Coldwell Banker Residential Brokerage Company d/b/a Coldwell Banker Residential Real Estate Services, Inc., a Colorado corporation, Ken Reyhons and Associates, Inc., McCoy Realty Co., a Colorado corporation, McGinnis and Assoc., Inc., a Colorado corporation, Van Schaack & Company, a Colorado corporation, The Salzman Group, Ltd., a Colorado corporation, Vision Realty, a Colorado corporation, John H. Smith, d/b/a Vision Real Estate Management Companies, M.D.C. Realty & Management Co., a Colorado corporation, Cornuke & Associates, Ltd., a Colorado corporation, Real Estate 5, Inc., a Colorado corporation, Joe Clement Properties, Inc., d/b/a Remax Properties, Inc., a Colorado corporation, Berwall Investments, Inc., d/b/a Century 21 American Investment Realty, Inc., a Colorado corporation, Merit Company, Inc., a Colorado corporation, and Kerry P. Warner, d/b/a Warner Brokerage Company, Defendants–Appellees.

No. 90CA0302.

Colorado Court of Appeals,
Div. IV.

Nov. 21, 1991.

Charles J. Haase, Colorado Springs, for plaintiffs-appellants.

McGeady & Weston, David H. Wollins, Denver, for defendants-appellees Richmond Homes Ltd, and MDC Realty and Management Co., MDC Holdings, Inc.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Darrell Waas, Kristen L. Mix, David W. Stark, Denver, for defendant-appellee Land Title Guarantee Co.

Kent Jay Levine, P.C., Kent Jay Levine, Englewood, for defendant-appellee Coldwell Banker Residential Real Estate Services, Inc.

The Wills Law Firm, David Pitinga, Darrell D. Thomas, Colorado Springs, for defendants-appellees McCoy Realty Co., Joe Clement Properties, Inc., d/b/a Remax Properties, Inc., Berwall Investments, Inc., d/b/a Century 21 American Inv. Realty, Merit Co., Inc., and Kerry P. Warner, d/b/a Warner Brokerage Co.

Edward M. Shields, P.C., Edward M. Shields, Colorado Springs, for defendants-appellees McGinnis & Associates, Inc., and Ken Reyhons & Associates, Inc.

No appearance for defendants-appellees Van Schaack & Co., The Salzman Group Ltd., Cornuke & Associates, Ltd., Real Estate 5, Inc., and John H. Smith, d/b/a Vision Real Estate Management Companies.

Opinion by Judge MARQUEZ.

Plaintiffs, consisting of a number of purchasers of residential real property, appeal from summary judgments entered in favor of defendants, Richmond Homes Limited; M.D.C. Realty & Management Co.; MDC Holdings, Inc.; Coldwell Banker Residential Real Estate Services, Inc.; Land Title Guaranty Company; McCoy Realty Co.; Joe Clement Properties, Inc., d/b/a Remax Properties, Inc.; Berwall Investments, Inc., d/b/a Century 21 American Investment Realty; Merit Company, Inc.; Kerry P. Warner d/b/a Warner Brokerage Company; McGinnis & Associates, Inc.; and Ken Reyhons & Associates, Inc. We affirm.

This case was filed as a common complaint by thirty-two sets of purchasers of residential real estate against Richmond Homes Limited, the seller of the properties; Land Title Guaranty Company, who performed the closing on all of the properties; and various real estate brokers who were present at some of the closings. The claims for relief were also asserted against MDC Realty and Management Company who acted as the real estate broker representing Richmond in the sale of the properties and was a subsidiary of the same par-

ent company as Richmond, M.D.C. Holdings, Inc.

Plaintiffs' primary complaint is that they were not made aware, before closing, that the properties they were purchasing were included in a general improvement district and thus subject to additional taxes.

Defendants Richmond and MDC Realty filed a motion for summary judgment in which defendants Coldwell Banker, McGinnis, Reyhons, and Vision Real Estate, joined. These motions were granted. The court later granted a motion by Richmond, MDC Realty, and MDC Holdings to amend the summary judgment order to include MDC Holdings.

Defendants McCoy Realty, Clement Properties, Berwall Investments, Merit Co., and Warner Brokerage Co., also filed a motion for summary judgment that was granted. In addition, the court granted Land Title's motion for summary judgment.

Under C.R.C.P. 56(c), summary judgment is proper only when the pleadings, affidavits, depositions, or admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The burden of establishing that there is no genuine issue of material fact is on the moving party. Once the moving party has met the initial burden of production, the burden shifts to the non-moving party to establish that there is a triable issue of fact. *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991).

The party against whom summary judgment may be entered is entitled to the benefit of all favorable inferences that may be drawn from the facts. However, a court may enter summary judgment if, in addition to the absence of any genuine factual issues, the law entitles one party or the other to a judgment in its favor. *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (Colo.1984).

Further, when a motion for summary judgment is made and supported as provided in C.R.C.P. 56, an adverse party may not rest upon the mere allegations or denials in his pleadings, but his response by affidavits or other means must set forth specific facts showing that there is a genuine issue for trial. C.R.C.P. 56(e). Nor can material issues of fact be raised simply by means of argument. *Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo.App.1985).

An affirmative showing of specific facts probative of a right to judgment uncontradicted by any counter-affidavits submitted leaves a trial court with no alternative but to conclude that no genuine issue of material fact exists. *Terrell v. Walter E. Heller & Co.*, 165 Colo. 463, 439 P.2d 989 (1968).

### I.

Plaintiffs first contend that the court erred in granting the motion for summary judgment filed by Richmond and MDC Realty, as joined by MDC Holdings. We disagree.

As to Richmond, plaintiffs' complaint alleged that:

(1) Richmond fraudulently and/or negligently failed to disclose that plaintiffs' homes were located in the improvement district and that additional taxes would be assessed sometime in the future because of that fact;

(2) Richmond had a duty to disclose this information and affirmatively failed to do so;

(3) Plaintiffs were not aware of the existence of the improvement district;

(4) Richmond breached the purchase agreement by failing to provide (i) a current commitment for a title insurance policy ten days prior to closing the respective house purchases and (ii) a tax certificate; and

(5) Had plaintiffs received such current commitment for a title insurance policy and/or the tax certificates, they would have been given notice of the improvement district.

Richmond and MDC Realty, in their motion for summary judgment, contended (a) that there were no issues as to any material fact, (b) that plaintiffs had actual and constructive knowledge of the improve-

ment district, (c) that plaintiffs had waived their right to assert any claim for the failure to deliver a current commitment for a title insurance policy, and (d) that they owed no fiduciary duty to plaintiffs. In support of this motion Richmond and MDC Realty attached copies of a purchase agreement, title policy, excerpts from the depositions of two of the plaintiffs, and a disclosure document indicating Richmond and its agents were agents of seller and were not representing the purchaser. In response plaintiffs refer to portions of the Colorado Real Estate Manual but offered no supporting documents.

The trial court granted the motion adopting the arguments set forth in defendants' motion and in their reply.

### A.

Plaintiffs contend that there are genuine issues of material fact as to whether Richmond fraudulently concealed or negligently misrepresented that the properties were included in the general improvement district and the effect such inclusion would have on the future taxes of the properties. We disagree.

### 1.

■ The elements of fraudulent concealment are: (1) the defendant's concealment of a material existing fact that in equity or good conscience should be disclosed, (2) the defendant's knowledge that the fact is being concealed, (3) the plaintiff's ignorance of the fact, (4) the defendant's intent that the plaintiff act on the concealed fact, and (5) the plaintiff's action on the concealment resulting in damage. *Berger v. Security Pacific Information Systems, Inc.*, 795 P.2d 1380 (Colo.App.1990).

Thus, to establish a claim for fraudulent concealment or nondisclosure, plaintiff must show that a defendant had a duty to disclose information. Whether a defendant has a duty to disclose a particular fact is a question of law. Generally, a person has a duty to disclose to another with whom he deals facts that in equity or good conscience should be disclosed. *Berger v. Se-*

*curity Pacific Information Systems, Inc., supra.*

■ A party to a business transaction has a duty to disclose to the other party facts basic to the transaction if (1) he knows that the other is about to enter into it under a mistake as to them and (2) the other party, because of the relationship between them, the customs of the trade, or other objective circumstances, would reasonably expect a disclosure of those facts. *Berger v. Security Pacific Information Systems, Inc., supra;* Restatement (Second) of Torts § 551(2)(e).

■ More specifically, a party has a duty to disclose if he has stated facts that he knows will create a false impression unless other facts are disclosed. *Berger v. Security Pacific Information Systems, Inc., supra.*

Plaintiffs concede that they have no cause of action if Richmond did not have a duty to make these disclosures. We conclude that, under the facts presented, plaintiffs have not established that Richmond had a duty to disclose the fact that the properties were within the district.

■ Here, Richmond was the seller and the plaintiffs were the purchasers in transactions, which in all cases, were set forth in writing. In addition, plaintiffs have not provided evidence that Richmond knew that plaintiffs were mistaken as to the existence of the improvement district, that because of their relationship with Richmond they expected disclosure, or that Richmond stated facts that it knew would create a false impression unless the improvement district was disclosed.

■ Further, in attempting to show that there is a duty present here, plaintiffs cite *Cohen v. Vivian*, 141 Colo. 443, 349 P.2d 366 (1960), which holds that a seller must disclose a latent defect to a purchaser. That is not the situation here.

There is no latent defect since this is not a situation involving a physical defect on the property and plaintiffs were put on notice that the property may be included within an improvement district. Paragraph 7 of the purchase agreement states:

Title to the property shall be merchantable in Seller.... Seller shall execute and deliver a good and sufficient general warranty deed to Purchaser at closing, conveying the property free and clear of all liens and encumbrances except the following, to wit: ... any taxes or assessments arising by reason of the inclusion of the property in a special improvement district, fire protection district, recreation and park district, water and sanitation district or in a municipality providing these services.

Although plaintiffs contend that they had no actual or constructive knowledge of the improvement district prior to closing, we conclude that the plaintiffs, at a minimum, had constructive notice.

■ A person is deemed to have constructive notice of any instrument encumbering the title to real property once the document has been recorded in the office of the county clerk and recorder of the county where such real property is located. *Arnove v. First Federal Savings & Loan Ass'n*, 713 P.2d 1329 (Colo.App.1985); *see Nile Valley Federal Savings & Loan Ass'n v. Security Title Guarantee Corp.*, 813 P.2d 849 (Colo.App.1991).

■ Furthermore, the receipt of inquiry notice charges a party with notice of all facts that a reasonably diligent inquiry would have disclosed. *Monaghan Farms, Inc. v. City & County of Denver*, 807 P.2d 9 (Colo.1991); *see Cottonwood Hill, Inc. v. Ansay*, 782 P.2d 1207 (Colo.App.1989). Inquiry notice requires sufficient facts to attract the attention of interested persons and prompt a reasonable person to inquire further. *Monaghan Farms, Inc. v. City & County of Denver, supra.*

■ Here, the record reflects that the ordinance adopting the improvement district was recorded with the Clerk and Recorder of El Paso County in July 1985. Further, as noted above, paragraph 7 of the purchase agreement at least put plaintiffs on inquiry notice as to the possibility that the properties were included in an improvement district.

## 2.

■ Further, as to negligent misrepresentation, the following elements are necessary to establish a claim:

One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, *supplies false information* for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*First National Bank v. Collins*, 44 Colo. App. 228, 616 P.2d 154 (1980) (emphasis added).

■ Hence, since there was no allegation here, or evidence presented, that false information was supplied, there can be no negligent misrepresentation.

Therefore, summary judgment was proper since plaintiffs have not shown genuine issues of material fact, and defendants Richmond, MDC Realty and MDC Holdings are entitled to judgment as a matter of law.

## B.

Plaintiffs further argue that they did not waive their objection to Richmond's failure to deliver the commitments for title insurance policies prior to closing. We disagree.

■ Waiver of a contract term occurs when a party to the contract is entitled to assert a particular right, knows the right exists, but intentionally abandons that right. *Ebrahimi v. E.F. Hutton & Co.*, 794 P.2d 1015 (Colo.App.1989).

■ Waiver may be implied when a party engages in conduct which manifests an intent to relinquish the right or privilege, or acts inconsistently with its assertion. The conduct must be free from ambiguity and clearly manifest the intention not to assert the benefit. *Cooper v. First Interstate Bank*, 756 P.2d 1017 (Colo.App.1988). Waiver may be shown by a course of conduct signifying a purpose not to stand on a right, leading one, by a reasonable infer-

ence, to the conclusion that the right in question will not be insisted upon. *Pastor v. San Juan School District No. I,* 699 P.2d 418 (Colo.App.1985).

Generally, the issue of a party's intent is a question of fact and is not an appropriate issue for summary disposition. *Wolther v. Schaarschmidt,* 738 P.2d 25 (Colo.App. 1986).

■ However, paragraph 21 of the Purchase Agreement clearly states that:

A current commitment for a title insurance policy in an amount equal to the purchase price shall be furnished by Seller, at its expense, to Purchaser at least ten (10) days before the date of closing. Subsequent to closing and delivery of the deed, Seller will cause an Owner's Title Insurance Policy to be issued and delivered to Purchaser and shall pay the premium thereon.

Thus, plaintiffs had notice of this requirement. Nevertheless, it is uncontested that no plaintiff objected to the failure to receive the commitment prior to closing. Therefore, as a matter of law, plaintiffs waived their right to receive the title insurance policy commitment prior to closing.

### C.

Further, plaintiffs claim they were damaged because they did not learn of the improvement district until after closing. It is uncontested that plaintiffs did receive a title policy disclosing the existence of the general improvement district within weeks after closing but, as they concede, they neither noticed nor became concerned until they received their tax bills. Further, such a claim in turn rests on their assertions that they had no notice of the district and that defendants failed to provide title commitments before closing. Because such assertions have been rejected, plaintiffs' damage claims are without merit.

### II.

Plaintiffs also assert that the court erred in granting summary judgment in favor of Land Title. We disagree.

In its motion for summary judgment, defendant Land Title contended that there was an absence of evidence to support plaintiffs' breach of contract, fraud, or negligent misrepresentation claims and that it was entitled to judgment as a matter of law on plaintiffs' negligence claim.

### A.

Plaintiffs now contend that there is evidence of a breach of contract claim against Land Title. We disagree.

Plaintiffs do not contend that there was ever any written agreement between them and Land Title, but they assert that, as an agent of Richmond, Land Title had a duty to fulfill Richmond's contract with plaintiffs' to supply a title commitment prior to closing. Further, plaintiffs contend that, as closing agent, Land Title was obligated to see that the obligations of its principal, Richmond, were completed at closing.

■ The relationship between an agent and a principal is contractual and is defined by contract. The rights and duties of the principal and agent must be found in the express or implied terms of the agreement. *Gunnison County v. Board of Assessment Appeals,* 693 P.2d 400 (Colo.App.1984).

■ However, plaintiffs' response to the motion for summary judgment contained nothing to refute Land Title's evidence that its contract with Richmond did not require them to deliver title commitments to plaintiffs, that Land Title did disclose the existence of the general improvement district in every title insurance commitment, and that such title insurance commitments were delivered to seller, the mortgage lender, or realtors.

In addition, plaintiffs' response to the motion for summary judgment contained nothing to refute Land Title's affidavits setting forth that their duties as closing agent were merely to prepare, obtain, deliver, and record all documents, excluding preparation of legal documents, and to receive and disburse funds as directed by the parties.

Further, plaintiffs provided no authority nor factual material establishing that such

agency status creates a duty to fulfill the seller's contractual obligation to provide purchasers with a title commitment prior to closing. *See White v. Brock*, 41 Colo.App. 156, 584 P.2d 1224 (1978); *Roscoe v. U.S. Life Title Insurance Co.*, 105 N.M. 589, 734 P.2d 1272 (1987) (title insurer had no duty to disclose or notify purchasers of any balloon payment contained in the underlying real estate mortgage assumed by purchasers).

Thus, summary judgment was proper since plaintiffs have not shown that there are genuine issues of material fact, and Land Title is entitled to judgment as a matter of law.

## B.

Plaintiffs also contend that there is evidence in the record to support the fraud claim and negligent misrepresentation claim. Essentially, plaintiffs argue that Land Title's knowledge of the improvement district and failure to disclose this knowledge to them, and the alleged fact that the estimate of taxes provided by Land Title for each closing was substantially below the true amount, support their fraud and negligent misrepresentation claims. We disagree.

### 1.

#### a.

 The record reflects that Land Title did disclose the existence of the improvement district in the title commitments and policies issued. Further, plaintiffs presented no evidence that Land Title had any reason to believe further disclosure was necessary.

Additionally, an affidavit submitted by Land Title reflects that it was not the custom and practice in the title insurance industry in Colorado for closing agents at the closing to undertake any obligation to disclose, or to disclose facts regarding the status of title to the property, including, without limitation, the existence of special improvement districts. This affidavit was not contradicted by plaintiffs.

Thus, under these facts, Land Title had no duty to disclose the existence of the improvement district at closing. *See Berger v. Security Pacific Information Systems, Inc., supra.*

#### b.

 Also, the agreements for taxes provided by Land Title clearly made no false representations of a past or present material fact, an element of fraud. *Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985). The agreements stated that they were an estimate of taxes. A mere expression of an opinion as to the happening of a future event is not actionable. *Leece v. Griffin*, 150 Colo. 132, 371 P.2d 264 (1962).

Further, a deposition excerpt attached to plaintiffs' response indicates that Land Title called the county for information on taxes. On the other hand, plaintiffs presented no facts showing that Land Title knowingly provided substantially undervalued estimates or that it knew the amount of taxes that would be assessed by the improvement district. Thus, summary judgment was appropriate on these issues.

### 2.

 As to negligent misrepresentation, Land Title's failure to disclose the existence of the improvement district obviously does not constitute supplying "false information."

However, plaintiffs claim that the tax estimates were false because they failed to take into account the effect of the improvement district. But, even if these estimates were inaccurate, plaintiffs have not provided evidence to show that Land Title acted unreasonably since there is no evidence that Land Title knew or should have known what the true taxes would have been as a result of the improvement district.

In any case, the Agreement for Taxes signed by the parties at closing clearly states that it was a final settlement and that: "Land Title ... assumes no responsibility or any liability in the event a special assessment is assessed or the County Treasurer misquoted any special assessments

via our telephone conversation regarding same."

### C.

Plaintiffs also contend that there is evidence of negligence on the part of Land Title. However, as discussed earlier, under the facts presented, Land Title had no duty to disclose the existence of the improvement district at closing.

Thus, summary judgment in favor of Land Title was proper since there are no genuine issues of material fact and Land Title is entitled to judgment as a matter of law.

### D.

Land Title contends that plaintiffs' appeal is frivolous and requests sanctions, an award of attorneys' fee and costs incurred on appeal, pursuant to C.A.R. 38(d). We deny this request. *See Fox v. Division Engineer for Water Division 5*, 810 P.2d 644 (Colo.1991).

### III.

■ Additionally, plaintiffs contend that the court erred in granting summary judgment in favor of defendant Coldwell Banker and the other defendant real estate brokers and agents. Essentially, plaintiffs contend that the brokers owed a duty to disclose to them the fact that the properties were located within a general improvement district and the amount of taxes that would be due because of that fact. We disagree.

■ Plaintiffs concede that there is no contract between plaintiffs and the brokers and that the real estate broker defendants are sub-agents of the seller defendant Richmond. However, the absence of an agency relationship between purchaser and the selling broker does not leave the purchaser unprotected in his dealings with the selling broker or salesperson. A selling broker or salesperson may be held liable for wrongful acts causing damage to a third person. *Stortroen v. Beneficial Finance Co.*, 736 P.2d 391 (Colo.1987).

Plaintiffs argue that the defendant brokers had a duty to disclose information regarding the improvement district and were negligent in failing to do so. In attempting to establish a duty, plaintiffs' rely on the Colorado Real Estate Manual which sets forth the duties and obligations of a real estate broker performing a closing. However, there is no evidence that any of the brokers performed or supervised the closing, and plaintiffs admit that the selling brokers did not supervise the closing.

Nevertheless, plaintiffs' contend that the brokers, as sub-agents of the seller and of the listing broker, were responsible for the closing. Again, plaintiffs have not shown that under these facts there is an express or implied obligation of the brokers under the agency contract to be responsible for the closing. *See Gunnison County v. Board of Assessment Appeals, supra.*

Further, as stated earlier, plaintiffs had constructive notice of the improvement district.

Plaintiffs' remaining claims are without merit.

Thus, summary judgment was proper since no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law.

Judgments affirmed.

PLANK and HUME, JJ., concur.